UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Gathers, # 341480, | ) C/A No. 2:12-2206-JMC-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Sgt. Clarey;<br>Ms. Wineglass;<br>Michael A. Schwartz;<br>Ms. Jane Doe;<br>Officer Dryer; and<br>Officer Willer, independently and in their criteria, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Plaintiff, formerly detained at Georgetown County Detention Center ("GCDC"), alleges that on March 29, 2010, Defendants Dryer and Willer, corrections officers at GCDC, intentionally and without cause placed him in an overcrowded cell with three other detainees who were known to be violent gang members and who had previously attacked

other detainees. He does not allege how many other inmates they attacked or how often that had previously occurred, but he does allege that there was no valid reason for the officers to place him there because at least one other detainee was in a cell by himself during the same time period. The other detainees fought with Plaintiff, causing him injuries requiring transfer to a hospital for medical assistance. Plaintiff alleges that, after a lengthy period of Plaintiff's yelling for help, Defendants Clarey and Dryer moved him into a different cell, but that medical staff would not treat him for the first five hours after the fight and made him wait to be sent to the outside hospital later in the day. Plaintiff does not specifically name the nurse who sent him to the hospital as a Defendant, but he argues that the medical supervisor Jane Doe, an "administrator" Schwartz, and director of the detention center, Ms. Wineglass, should also be held responsible for his injuries despite making no allegations that any of the three had actual notice of or personal involvement in the problems on March 29, 2010.

Plaintiff asserts that he was subjected to cruel and unusual punishment and indifference to his safety and requests this court to award him damages from all Defendants, jointly and severally.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th

Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to Defendants Wineglass, Schwartz, and Doe under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Despite his failure to cite to a specific federal statutory or constitutional basis for his claim for damages, in light of Plaintiff's allegations of cruel and unusual punishment arising from the conditions of his confinement at GCDC, the most appropriate basis for the exercise of federal question subject matter jurisdiction over his claim is 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive

3

individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing government officials and/or employees in their individual capacity, thereby seeking to hold the official personally liable, must show that the official or employee personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166. As a result, the common-law tort principle of *respondent superior* or vicarious liability is generally not available in § 1983 to hold non-personally-involved supervisors liable or responsible for their personally-involved subordinates' wrongdoing. *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984).

Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability which has been enunciated in cases such as *Slakan*, that exception does not operate to save Plaintiff' Complaint from partial dismissal in this case. Even though Plaintiff's Complaint contains allegations that are, essentially, legal conclusions about the possibility of common-law supervisory liability in this case and assertions that the wrongdoing is so pervasive as to provide constructive notice to the supervisors, the *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no allegations of personal knowledge on the parts of the GCDC supervisory personnel Defendants of the March 10,

4

2010 actions and decisions of Officers Dryer and Willer and Sgt. Clarey of which Plaintiff complains. Furthermore, the broad statement that the three detainees who attacked Plaintiff had also attacked an undisclosed number of other detainees at other undisclosed times does not rise to the level of showing that the supervisors had constructive knowledge of Dryer, Willer, and Clarey actions on the subject date. Without personal or constructive knowledge of their subordinates' alleged wrongdoing, there was no reason for them to take "corrective action" at the time that Plaintiff alleges he was injured. In absence of allegations sufficiently showing the supervisors' personal or constructive knowledge of ongoing problems at GCDC, Plaintiff cannot show that Defendants Wineglass, Doe, and/or Schwartz's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Plaintiff's Complaint fails to state a claim on which relief can be granted against Defendants Wineglass, Doe, and/or Schwartz . *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* at to Defendants Wineglass, Doe, and Schwartz. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district

5

courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

August 24, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).