# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Craig Gathers, ) | |
| ) | Civil Action No. 2:12-cv-02206-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Sgt. Clarey, Ms. Wineglass, Michael A. ) | |
| Schwartz, Ms. Jane Doe, Officer Dryer, ) | |
| Officer Willer, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Craig Gathers ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges "negligent tortious behavior, deliberate indifference, failure to act in the face of misconduct, supervisory liability, constitutional injuries inflicted by subordinates, affirmative duty to act, breach of duty, 14[th] and 8[th] Amendment[s], emotional distress, [and] grossly negligent" actions by Defendants Sgt. Clarey, Ms. Wineglass, Michael A. Schwartz, Ms. Jane Doe, Officer Dryer, and Officer Willer (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 19).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial handling. On August 1, 2013, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment, decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismiss the complaint as to Defendant Willer. (ECF No. 28.) Additionally, the magistrate judge issued a Report and Recommendation on August 24, 2012, recommending the court summarily dismiss without prejudice Plaintiff's case against Defendants Wineglass, Doe, and Schwartz. ("Dismissal Report") (ECF No. 9.) This

1

review considers Plaintiff's two filings titled "Timely File of Written Objections to Report and Recommendation" in response to the Dismissal Report (collectively "Dismissal Objections"), filed September 6, 2012, and January 17, 2013, (ECF Nos. 13 and 24) and Plaintiff's Objection to Report and Recommendation in response to the Report ("Objections"), filed August 21, 2013 (ECF No. 34).[1] For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Reports. The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 28) and **DISMISSES** the action against Defendants Willer, Wineglass, Doe, and Schwartz.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Reports. (*See* ECF Nos. 9, 28.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

At the time of the incidents alleged in this action, Plaintiff was a pretrial detainee housed at the Georgetown County Detention Center ("GCDC"). On March 29, 2010, Plaintiff was involved in an altercation in his cell, where he was housed with three other inmates. (ECF No. 1 at 4.) Plaintiff alleges these inmates were known for being involved in gang activity and that Defendants Dryer and Willer knew these inmates had assaulted other inmates and deliberately

---

[1] On August 20, 2013, having received no objections from Plaintiff, the court issued an order adopting the Report and thereby granting summary judgment to Defendants, declining supplemental jurisdiction over Plaintiff's state law claims, and dismissing Defendant Officer Willer. (ECF No. 30.) Plaintiff subsequently filed his Objections on August 21, 2013. On August 27, 2013, Plaintiff moved for reconsideration of the court's order contending that he had filed his objections on time. (ECF No. 35.) Under *Houston v. Lack,* a prisoner's document is considered filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). The envelope containing Plaintiff's Objections was stamped as received by the prison mailroom before the August 19, 2013, deadline, and therefore was timely filed. (*See* ECF No 31-1.) The court issued an order on December 18, 2013 (ECF No. 37), stating it would consider Plaintiff's Objections, and vacating its order granting summary judgment for Defendants (ECF No. 30).

placed Plaintiff in that cell. (*Id.*) Plaintiff alleges he tried to get the attention of officers after the fight, and that no officers did a routine check for two or three hours. (*Id.* at 5.) Defendants Clarey and Dryer responded to the fight at the request of Officer Hiller. (ECF No. 28 at 4.) Plaintiff was taken to the medical unit, where it was observed that the left side of his face was red and he had a scratch on his right arm. (*Id.* at 4-5.) Later that day, Plaintiff was discovered to have additional injuries and was transported to Georgetown Memorial Hospital. (ECF No. 24 at 5.) At the hospital, Plaintiff received a CT scan of his face, which detected no fractures. (*Id.*) Plaintiff also received a neurological examination, a check of his vital signs, stitches on his lip, and medication. (*Id.*) Plaintiff alleges that his assailants were known to have assaulted others, demonstrating this is not an isolated incident. (ECF No. 1 at 6.) Further, Plaintiff contends he has submitted "several grievances on this matter, to no avail." (*Id.*) Plaintiff filed his complaint on August 3, 2012, alleging negligence and gross negligence, failure to protect, deliberate indifference to medical needs, and supervisory liability.[2] (*Id.* at 3.) Plaintiff seeks injunctive relief[3] and $3.5 million in damages. (*Id.* at 10.)

On August 24, 2012, the magistrate judge issued the Dismissal Report, recommending the court dismiss the complaint as to Defendants Wineglass, Doe, and Schwartz. (ECF No. 9 at 5.) The magistrate judge found that Plaintiff had failed to allege any facts that demonstrated these supervisory Defendants had any personal knowledge of the actions Plaintiff alleges, and therefore Plaintiff could not show that these Defendants' "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive practices'" to establish supervisory

---

[2] The magistrate judge determined that Plaintiff's numerous claims, quoted verbatim on page 1 of this order, fall under these four categories, and organized the discussion as such. (*See* ECF No. 28 at 10-23.)

[3] The magistrate judge noted that as Plaintiff is no longer housed at GCDC, claims for injunctive relief are moot and did not address the merits of a claim for injunctive relief in the Report.

liability under § 1983.  (*Id.* at 5, quoting *Slakan v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984).) Plaintiff timely filed his Objections to the Dismissal Report on September 6, 2012.  (ECF No. 13.)  Plaintiff filed a virtually identical set of Objections to the Dismissal Report (ECF No. 24) with Response in Opposition to Motion for Summary Judgment on January 17, 2013 (ECF No. 25).

On November 20, 2012, Defendants filed a Motion for Summary Judgment.  (ECF No. 19.)  Plaintiff filed a Motion in Opposition of Defendants' Motion for Summary Judgment on January 17, 2013.  (ECF No. 25.)  The magistrate judge issued the Report on August 1, 2013, recommending the court grant Defendants' Motion for Summary Judgment, dismiss the action as to Defendant Willer, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (ECF No. 28 at 24.)  As an initial matter, the magistrate judge found that Defendants have failed to show documentation or an affidavit to support their argument that Plaintiff had not exhausted his administrative remedies, and therefore the magistrate judge declined to recommend dismissing the complaint on this ground.  (*Id.* at 10.)  The magistrate judge classified Plaintiff's claims of "failure to act in the face of misconduct," "affirmative duty to act," "breach of duty," and "14[th] and 8[th] Amendment[s]," as a claim of failure to protect.  (*Id.* at 13.)  The magistrate judge found that Plaintiff has failed to demonstrate facts showing deliberate indifference by Defendants to a substantial risk of serious harm to Plaintiff under the two-prong *Farmer* standard.[4]  (*Id.* at 14-18.)  Regarding Plaintiff's deliberate indifference to medical needs claim, the magistrate judge found that Plaintiff has not shown facts to establish that he suffered

---

[4] *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  (To demonstrate an Eighth Amendment violation, an inmate must show two elements: "First, the deprivation alleged must be, objectively, 'sufficiently serious,'... a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Second, under the subjective prong, "a prison official must have a 'sufficiently culpable state of mind'" (internal citations omitted).)

4

from a "serious medical condition" and that prison officials acted with deliberate indifference to that condition under the standard set out in *Johnson v. Quinones,* 145 F.3d 164, 167 (4th Cir. 1998).  (*Id.* at 19-22.)   As the magistrate judge had not found Plaintiff's claims to allege a constitutional violation, he found that Defendants are entitled to qualified immunity, which protects government officials performing discretionary functions from civil liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known."  (*Id.* at 22, citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).)   In addition to his findings on supervisory liability in the Dismissal Report regarding Defendants Wineglass, Schwartz, and Doe (*see* ECF No. 9), the magistrate judge found Plaintiff has failed to allege any facts showing Defendant Clarey had "actual and constructive knowledge" of any violations by her subordinates, and therefore Defendant Clarey was also entitled to summary judgment on this ground.  (ECF No. 28 at 23-24.)   Additionally, the magistrate judge recommended the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and gross negligence.  (*Id.* at 12.)   Finally, the magistrate judge recommended dismissing the action as to Defendant Willer, as the U.S. Marshal Service was unable to locate a person under that name employed at GCDC.  (*Id.* at 2.)  As Defendant Willer remained an unserved defendant after 120 days or more since the issuance of the summons, the magistrate judge found he is entitled to dismissal from the action pursuant to Federal Rules of Civil Procedure 12(b)(2), (4)-(5).  (*Id.*)

Plaintiff timely filed his Objections to the Report (ECF No. 34) on August 21, 2013.

## STANDARD OF REVIEW

The magistrate judge's Reports are made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

**Administrative Remedies**

Plaintiff reiterates his argument that he has filed several administrative requests and grievances with the GCDC staff and received no response, states that the administrative remedies available cannot provide Plaintiff with the money damages he seeks, and alleges the GCDC's grievance system is biased and unfair. (ECF No. 34 at 2-3.) However, Plaintiff does not offer any objections to the magistrate judge's finding that Defendants failed to show proof that Plaintiff has not exhausted his administrative remedies. In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation on this issue.

**Deliberate Indifference to Medical Needs**

In the portion of his Objections regarding the deliberate indifference to medical needs claim, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Plaintiff reiterates the facts regarding this issue and cites to law without

establishing how it applies to his case.  (*See* ECF No. 35 at 4.)  In addition, Plaintiff argues that he was involved in only one altercation on March 29, 2010, not two as Defendants seem to indicate.  (*Id.*)  However, regardless of whether Plaintiff was involved in one altercation or two on the day in question, he fails to present facts establishing either a serious medical need or a deliberate indifference by Defendants.  Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error in this portion of the Report and accepts the recommendation of the magistrate judge.

**Failure to Protect, Qualified Immunity, and Injunctive Relief**

Plaintiff makes no mention in his Objections of the magistrate judge's discussion of Plaintiff's failure to protect claim or of Defendants' entitlement to qualified immunity, nor does Plaintiff address the magistrate judge's determination that Plaintiff's request for injunctive relief is moot.  In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation and must only satisfy itself that there is no clear error on the face of the record.  *See Camby,* 718 F.2d at 199; *Diamond,* 416 F.3d at 315.  Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendations on these issues.

**Supervisory Liability and Dismissal against Defendants Wineglass, Doe, and Schwartz**

Plaintiff's Objections to the portion of the Report regarding supervisory liability and his Dismissal Objections regarding supervisory Defendants Wineglass, Doe, and Schwartz lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  Since Plaintiff failed to

properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error in this portion of the Report and accepts the recommendation of the magistrate judge.

In his Objections, Plaintiff states that the supervisory Defendants are "clothed with the authority of the state law, or county authority," and argues that the issue is "whether the defendants in this action proximately caused the injuries." However, Plaintiff provides no support to these assertions nor citations to law that demonstrates the magistrate judge applied the incorrect standard. Although Plaintiff states that the purpose of § 1983 is to "deter state or county actors from using their badge or their authority to hide from being liable for their actions," (ECF No. 34 at 5, citing *McKnight v. Rees,* 88 F.3d 417, 419 (6th Cir. 1996) (quoting *Wyatt v. Cole,* 504 U.S. 158, 161 (1992).) Plaintiff still fails to provide facts that show he is entitled to relief pursuant to § 1983.

In his Dismissal Objections, Plaintiff offers multiple citations to law purporting to support his supervisory liability claim against Defendants Wineglass, Doe, and Schwartz, but fails to explain how the cited law applies to his claims. Further, Plaintiff offers nothing beyond vague generalizations of his claims. He can offer no specific facts to show that the magistrate judge erred in his recommendations.

**Negligence and Gross Negligence**

In the portion of his Objections regarding his negligence and gross negligence claims, Plaintiff simply reiterates his claims and asserts that as a pretrial detainee, he should have been afforded more protection than a convicted prisoner. (ECF No. 34 at 3.) Plaintiff does not, however, address the magistrate judge's recommendation that the court decline to exercise

9

supplemental jurisdiction over these state law claims, nor does Plaintiff offer arguments showing that these claims would be cognizable under federal review. As such, Plaintiff failed to properly object to the Report with specificity. Therefore, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error in this portion of the Report and accepts the recommendations of the magistrate judge.

**Dismissal Against Defendant Willer**

In response to the failure of Defendant Willer to receive service of process, Plaintiff notes "see Mr. Jeffery E. Wheeler" and states there may have been a misspelling of his name in previous documents. (ECF No. 34 at 2.) Plaintiff further states that Defendant Willer was an employee of the GCDC at the time of the incident and "the supervisors are still liable for his actions at the time." (*Id.*) However, as discussed, Plaintiff has failed to allege supervisory liability under § 1983. In addition, although Plaintiff has made no formal motion to amend his complaint to correct a misspelling of Defendant Willer's name and possibly provide service, to amend his complaint would be futile because Plaintiff has failed to establish his claims. A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). Inasmuch as Plaintiff may wish to amend his complaint in an attempt to properly serve Defendant Willer, a motion to amend would not be appropriately granted in this case.

**Charging a "Strike" Against Plaintiff Under 28 U.S.C. § 1915**

Defendants request that this suit be counted as a "strike" against Plaintiff under 28 U.S.C. § 1915, which "prohibits a prisoner from proceeding *in forma pauperis*... if he has previously had three or more actions dismissed as frivolous, malicious, or for failing to state a claim." *Tolbert v. Stevenson,* 635 F.3d 646, 647 (4th Cir. 2011). "The plain language of § 1915(g) applies only to actions dismissed *entirely* as frivolous, malicious, or for failing to state a claim." *Id.* (emphasis in original). As the court declined to exercise supplemental jurisdiction over Plaintiff's state law negligence claim and did not evaluate it on the merits, this claim was not *entirely* dismissed by this court as being frivolous, malicious, or for failing to state a claim, and therefore § 1915(g) does not apply.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendations of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendations of the magistrate judge (ECF Nos. 9, 28). It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED,** and the action is **DISMISSED** as to Defendants Willer, Wineglass, Doe, and Schwartz.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 29, 2014
Columbia, South Carolina